**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000902
27-APR-2017
07:48 AM**

NO. CAAP-14-0000902

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
CASEY L. BURNETT, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTA-13-05527)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Ginoza, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged
Defendant-Appellant Casey L. Burnett (Burnett) with operating a
vehicle under the influence of an intoxicant (OVUII), in
violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or
(a)(3) (2007).[1]  After a bench trial, Burnett was found guilty
as charged.

---

[1] HRS § 291E-61(a) provides in relevant part:

   (a) A person commits the offense of operating a vehicle
under the influence of an intoxicant if the person operates or
assumes actual physical control of a vehicle:

   (1)   While under the influence of alcohol in an amount
         sufficient to impair the person's normal mental
         faculties or ability to care for the person and guard
         against casualty; [or]

   . . .

   (3)   With .08 or more grams of alcohol per two hundred ten
         liters of breath[.]

Burnett appeals from the Judgment entered by the District Court of the First Circuit (District Court)[2] on June 2, 2014. Burnett raises nine points of error, which are the same as the points of error raised by the defendant in State v. Seidl, No. CAAP-14-0000885, 2016 WL 6879554 (Hawaiʻi App. Nov. 22, 2016) (SDO). We apply our analysis in Seidl, and we resolve Burnett's points of error in the same way we resolved the corresponding points of error in Seidl.

In particular, Burnett argues that the District Court erred when it incorporated testimony for his pre-trial suppression motions into the trial over his objection. The District Court, over Burnett's objection, consolidated Burnett's pretrial suppression motions with the trial, heard testimony on the suppression motions and trial contemporaneously, and ruled on the suppression motions after the parties had rested at trial. The State concedes error on this point, and we agree with this concession of error. See Seidl, 2016 WL 6879554, at *1-2 (citing State v. Doyle, 64 Haw. 229, 638 P.2d 332 (1981), and State v. Thomas, 72 Haw. 48, 805 P.2d 1212 (1991)).

In addition, we conclude that the District Court erred in denying Burnett's motion to suppress on Fourth Amendment grounds the results of his breath test. See Seidl, 2016 WL 6879554, at *2 (citing State v. Won, 137 Hawaiʻi 330, 372 P.3d 1065 (2015)).[3]

---

[2] The Honorable David W. Lo presided.

[3] As in Seidl, because we conclude that the District Court should have suppressed the results of Burnett's breath test on Fourth Amendment grounds, we need not address Burnett's claim that the District Court erred in denying his motion to suppress the breath test results for violation of his right to access counsel under HRS § 803-9 (2014). We note, however, that in State v. Scalera, SCWC-14-0001060, 2017 WL 1422682 (Hawaiʻi Apr. 21, 2017), the Hawaiʻi Supreme Court held that advising Scalera that "[y]ou are not entitled to an attorney before you submit to any tests [sic] or tests to determine your alcohol and/or drug content[,]" as Burnett was advised in this case, violated Scalera's statutory right to access counsel under HRS § 803-9.

Based on the foregoing, we vacate the District Court's Judgment, and we remand the case for a new trial that is limited to the HRS § 291E-61(a)(1) portion of the OVUII charge.

DATED: Honolulu, Hawai'i, April 27, 2017.

On the briefs:

Kevin O'Grady
for Defendant-Appellant.

Sonja P. McCullen
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

*Craig H. Nakamura*

Chief Judge

Associate Judge

Associate Judge

3